1  Mathew K. Higbee, Esq., State Bar No. 241380
   Ryan E. Carreon, Esq., State Bar No. 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8373
4  (714) 597-6559 facsimile
   mhigbee@higbeeassociates.com
5  rcarreon@higbeeassociates.com
   *Attorneys for Plaintiffs,*
6  ARTHUR KELLER &
   LOUISA TAADOU
7

8

9              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
10

11  ARTHUR KELLER; and LOUISA        Case No. _____
    TAADOU
12                                   **COMPLAINT FOR**
                  Plaintiff,
13                                   **(1) Fraudulent Transfer –**
    v.                                   **Cal. Civ. Code § 3439 et seq.;**
14
    JAMES R. LING; ETEREO SPIRITS,
15  LLC; ETEREO TEQUILA, LLC;        **(2) Right of Publicity -**
    ETEREO LIFESTYLE, LLC; and           **Cal. Civ. Code § 3344**
16  DOES 1 through 10 inclusive,
17                Defendants.
18

19

20         Plaintiffs Arthur Keller and Louisa Taadou, for their Complaint against

21  Defendants James R. Ling, Etereo Spirits, LLC, Etereo Tequila, LLC, Etereo

22  Lifestyle, LLC, and DOES 1 through 10 inclusive, alleges as follows:

23                      **JURISDICTION AND VENUE**

24         1.    This Court has subject matter jurisdiction over Plaintiffs' claims for

25  pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367 because there is a diversity of

26  citizenship between the parties and the amount in controversy exceeds the sum of

27  $75,000.

28         2.    Plaintiffs are individuals residing in France. Defendants reside and have

                              1
                         **COMPLAINT**

their principle places of business in California. The matter in controversy, exclusive of interest and costs, exceeds $75,000.

3.    This court has personal jurisdiction over Defendants because Defendants' acts complained of herein occurred in the state of California, Defendants' acts were directed towards the state of California, Defendants caused injury to Plaintiffs within the state of California, and Defendants have a physical presence in the state of California.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) in that Defendants reside in this judicial district and this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5.    Plaintiff Arthur Keller ("Keller") is an individual residing in France.

6.    Plaintiff Louisa Taadou ("Taadou") is an individual residing in France.

7.    Defendant James R. Ling ("Ling") is an individual residing in Irvine, California.

8.    Defendant Etereo Spirits, LLC, ("Etereo Spirits") is a terminated California limited liability company with principle place of business formerly in Irvine, California.

9.    Defendant Etereo Tequila, LLC, ("Etereo Tequila") is a California limited liability company with principle place of business in Irvine, California.

10.    Defendant Etereo Lifestyle, LLC, ("Etereo Lifestyle") is a California limited liability company with principle place of business in Irvine, California.

11.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend

the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

## **FACTUAL ALLEGATIONS**

12.   This dispute arises out of a failed business relationship between Plaintiff Arthur Keller ("Keller"), and Defendant James Ling ("Ling").

13.   In 2019, Keller created a New Mexico entity called Etereo Spirits, LLC ("Etereo NM") which he intended to use as a vehicle to develop, import, distribute, and market high-end tequila products.

14.   Around that time, Keller met with Ling, a California based attorney, to discuss potential funding for Etereo NM.

15.   In the summer of 2020, Ling began to become dissatisfied with the business relationship, and on September 25, 2020, Ling filed formation documents with the California Secretary of State creating a competing entity also named Etereo Spirits, LLC ("Etereo Spirits") without the knowledge or consent of Keller.

16.   During that time, Keller invested substantial resources in creating a business website and other intellectual property assets to support Etereo NM.

17.   Some of the IP assets created by Keller included photographs and video of his fiancée Louisa Taadou ("Taadou") posing with tequila bottles to be used as marketing materials for the company, including on the company's website.

18.   October 28, 2020, Ling submitted fraudulent dissolution documents to the New Mexico secretary of state without Keller's knowledge or consent purporting to dissolve Etereo NM.

19.   On January 28, 2021, Keller attempted to make a change to the contact information for Etereo NM with the New Mexico secretary of state and was informed that Etereo NM had been dissolved.

20.    Subsequently, Keller discovered that Ling had created Defendant Etereo Spirits in California and had also created a competing website for Defendant Etereo Spirits utilizing the Etereo brand name and intellectual property assets.

21.    On February 16, 2021, Keller and Taadou filed a lawsuit in Federal court in the Central District of California against Ling and Etereo Spirits titled *Etereo Spirits, LLC et. al. v. James R. Ling, et. al.,* case 8:21-cv-00302-JVS-KES ("Federal Court Action") alleging various causes of action.

22.    On March 30, 2021, Ling filed a competing state court lawsuit against Keller in the Superior Court of Orange County titled *Ling. v. Keller*, case 30-2021-01192486-CU-BC-CJC, ("State Court Action").

23.    In October of 2021, Keller, Taadou, and Ling agreed to a global settlement of both the Federal Court Action and State Court Action.

24.    On October 29, 2021 Keller, Taadou, Ling, and Defendant Etereo Spirits executed a binding term sheet ("Term Sheet") in which Keller agreed to transfer the assets to the Etereo brand, including approximately 9,300 bottles of tequila, the IP assets, and the website to Ling and Defendant Etereo Spirits in exchange for a payment of $400,000 and a dismissal of the State Court Action with prejudice.

25.    The Term Sheet also stated that Ling was free to use the IP assets "so long as Arthur Keller and Louisa Taadou" are removed.

26.    Attached hereto as Exhibit A is a true and correct copy of the Term Sheet.

27.    On November 1, 2021, Keller contacted the warehouse holding the 9,300 remaining tequila bottles and initiated the transfer of ownership to Ling and Defendant Etereo Spirits.

28.    After the transfer of the tequila bottles was initiated, Keller also transferred the IP assets, and the website to Ling and Defendant Etereo Spirits.

29.    Subsequently, Ling and Defendant Etereo Spirits failed to make the required settlement payment or dismiss the State Court Action.

**COMPLAINT**

30.    On March 3, 2022, Keller began proceedings to attempt to enforce the Term Sheet against Ling and Defendant Etereo Spirts.

31.    Subsequently, after Keller began enforcement proceedings, Ling formed Defendant Etereo Lifestyle on March 9, 2022 and Defendant Etereo Tequila on May 26, 2022.

32.    On May 27, 2022 Ling filed an election to terminate Defendant Etereo Spirits with the California Secretary of State.

33.    Attached hereto as Exhibit B is a true and correct copy of the election to terminate filed by Ling.

34.    On August 18, 2022, Hon. James V. Selna entered judgment against Ling and Defendant Etereo Spirits in the amount of $400,000.

35.    Attached hereto as Exhibit C is a true and correct copy of the judgment against Ling and Defendant Etereo Spirits.

36.    Keller and Taadou are informed and believe that after receiving notice that Keller was attempting to enforce the Term Sheet against Defendant Etereo Spirits, Ling caused the assets of Defendant Etereo Spirits to be fraudulently transferred to Defendant Etereo Lifestyle and Defendant Etereo Tequila for token consideration, and then caused Defendant Etereo Spirits to be terminated in an effort to hide the assets of Defendant Etereo Spirits (namely the tequila bottles and IP assets) and to prevent Keller and Taadou from enforcing the Term Sheet and subsequent $400,000 judgment against Defendant Etereo Spirits.

37.    Keller and Taadou are also informed and believe that Ling, Etereo Lifestyle, and Etereo Tequila control and operate the domain www.etereotequila.com ("Website") to promote and market the Etereo brand and sell tequila.

38.    The Term Sheet specifically prohibits Ling from utilizing any IP assets, including photographs, that depict Keller and Taadou.

39.     Nonetheless, since Ling has taken over the Etereo brand, he continues to utilize the video and photography assets which depict Taadou on the Website without authorization.

40.     Attached hereto as Exhibit D are true and correct screenshots from the Website showing Taadou's image and likeness being used to market the Etereo brand without her permission.

41.     Such use of Taadou's likeness and image is not authorized.

**FIRST CAUSE OF ACTION**
**By Keller & Taadou against all Defendants**
**FRAUDULENT TRANSFER**
**Cal. Civ. Code §3439 et seq.**

42.     Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     On October 29, 2021 Keller, Taadou, Ling, and Defendant Etereo Spirits executed the Term Sheet in which Keller agreed to transfer the assets to the Etereo brand, including approximately 9,300 bottles of tequila, the IP assets, and the website to Ling and Defendant Etereo Spirits in exchange for a payment of $400,000.

44.     Subsequently, Keller did, in fact, transfer these assets to Ling and Defendant Etereo Spirits.

45.     After Ling and Defendant Etereo Spirits failed to make the agreed upon payment, proceedings to enforce the Term Sheet were instituted against Ling and Defendant Etereo Spirits on March 3, 2022.

46.     After enforcement proceedings were initiated, Ling formed Defendant Etereo Lifestyle on March 9, 2022 and Defendant Etereo Tequila on May 26, 2022.

47.     On May 27, 2022 Ling filed an election to terminate Defendant Etereo Spirits with the California Secretary of State.

48.     On August 18, 2022, Hon. James V. Selna entered judgment against Ling and Defendant Etereo Spirits in the amount of $400,000

49.     Keller and Taadou are informed and believe that after receiving notice that Keller was attempting to enforce the Term Sheet against Defendant Etereo

Spirits, Ling caused the assets of Defendant Etereo Spirits to be fraudulently transferred to Defendant Etereo Lifestyle and Defendant Etereo Tequila for token consideration, and then caused Defendant Etereo Spirits to be terminated in an effort to hide the assets of Defendant Etereo Spirits (namely the tequila bottles and IP assets) and to prevent Keller and Taadou from enforcing the Term Sheet and subsequent $400,000 judgment against Defendant Etereo Spirits.

50.    Ling made such transfers with intent to hinder, delay and defraud creditors including Plaintiffs.

51.    Such actions are in violation of Cal. Civ. Code § 3439 *et seq.*

## SECOND CAUSE OF ACTION
### By Taadou against all Defendants
### RIGHT OF PUBLICITY VIOLATION
### Cal. Civ. Code §3344

52.    Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.    California Civil Code § 3344(a) provides: "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."

54.   Defendants used Plaintiff Taadou's photograph, image, and likeness knowingly and deliberately, without the prior consent of Plaintiff Taadou on the Website.

55.   Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services such that prior consent was required.

56.   Plaintiff Taadou has suffered actual damages as a result of Defendants' deliberate use of her photograph, image, and likeness.

57.   Defendants engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Plaintiff Taadou. Plaintiff Taadou is entitled to compensatory and punitive damages. Plaintiff Taadou is entitled to attorney fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for judgment against Defendants as follows:

- That the transfer of the assets of from Defendant Etereo Spirits by Defendant Ling be set aside;

- That the property in the hands of Defendants Etereo Tequila and Etereo Lifestyle be attached in accordance with the provisions of Sections 481.010 through 493.060 of the California Code of Civil Procedure;

- That Defendant Ling be enjoined from disposing of the property transferred until final disposition of this action;

- That any judgment herein be declared a lien on the property transferred;

- That an Order be issued declaring that the fraudulently transferred property is held in trust for the benefit of the Plaintiffs Keller and Taadou;

- For compensatory damages in an amount equal to or greater of seven hundred fifty dollars ($750) for each unauthorized use Plaintiff Taadou's likeness or image, or actual damages suffered by Plaintiff pursuant to California Civil Code § 3344;

1    • For an injunction preventing Defendants from further unauthorized use

2    of the image, name or likeness of Taadou;

3    • For costs of litigation and reasonable attorney's fees against Defendant

4    pursuant to Cal. Civ. Code § 1717 and Cal. Civ. Code §3344;

5    • For punitive damages;

6    • For an award of pre- and post-judgment interest; and,

7    • For any other relief the Court deems just and proper.

8

9    Dated: January 31, 2023                    Respectfully submitted,

10                                             **/s/ Ryan E. Carreon**
                                               Ryan E. Carreon, Esq.
11                                             Cal. Bar No. 311668
                                               **HIGBEE & ASSOCIATES**
12                                             1504 Brookhollow Dr., Ste 112
                                               Santa Ana, CA 92705-5418
13                                             (714) 617-8336
                                               (714) 597-6559 facsimile
14                                             *Counsel for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: January 31, 2023                                        Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*